UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

GLORIA GALINDO,  )  Case No. CV 10-1448-RGK (MLG)
       Plaintiff,  )
          v.  )  MEMORANDUM OPINION AND ORDER
         )  DISMISSING COMPLAINT FOR FAILURE
CITY OF LOS ANGELES, et al.,  )  TO SERVE AND PROSECUTE
       Defendants.  )

    On March 17, 2010, Plaintiff Gloria Galindo filed this *pro se* complaint pursuant to 42 U.S.C. § 1983, along with a request to proceed without prepayment of filing fees. The complaint also named Elvis Galindo, Edward Galindo and Yolanda Galindo as Plaintiffs. Leave to proceed without prepayment of fees was granted as to Gloria. However, because Elvis, Edward, and Yolanda Galindo did not submit an application to proceed without prepayment of costs and fees, and did not submit a declaration in support of the request to proceed in forma pauperis, leave to proceed without prepayment of fees was denied as to them.

//

On March 18, 2010, Magistrate Judge Marc L. Goldman issued an order directing Gloria Galindo to serve the Defendants no later than July 15, 2010. Plaintiff was explicitly informed that failure to do so would result in dismissal of the action without prejudice. When that was not done, on July 16, 2010, Magistrate Judge Goldman issued an order directing Plaintiff to show cause why the action should not be dismissed for failure to effect service. Plaintiff Gloria Galindo did not file a response to the Order to Show Cause.[1] Because Gloria Galindo, the only Plaintiff in this action, has failed to serve the Defendants and has failed to respond to the order to show cause, this action shall be dismissed without prejudice.

"If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time." Fed.R.Civ.P. 4(m); see *Boudette v. Barnette*, 923 F.2d 754, 757 (9th Cir. 1991)(affirming dismissal of complaint for failure to timely serve the summons and complaint); *Townsel v. County of Contra Costa*, 820 F.2d 319, 320 (9th Cir. 1987)(same). The 120-day period may be extended by the Court upon a showing of good cause. See Fed.R.Civ.P. 4(m).

Here, Plaintiff has not effected service on any of the named defendants. While the court is mindful that Plaintiff is proceeding

---

[1] However on July 30, 2010, Elvis Galindo filed a response stating that criminal charges arising out of the incident which forms the basis of this lawsuit were still pending and he seeks a stay of proceedings while the criminal case goes forward. Because Elvis is not a party to this lawsuit, his request will not be considered.

*pro se,* she nonetheless has a responsibility to follow the Rules of Civil Procedure and this Court's order regarding service. Plaintiff has failed effect service despite being twice specifically informed of this requirement and being given ample opportunity to do so. The failure to effect service warrants dismissal of this action by reason of Rule 4(m).

In addition, Courts possess the discretionary authority to dismiss an action based on a plaintiff's failure to diligently prosecute or comply with a court order. Fed.R.Civ.P. 41(b); Local Rule 12.1. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-630 (1962). "Dismissal is a harsh penalty and is to be imposed only in extreme circumstances." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). The Court is required to weigh the following factors in determining whether to dismiss a case for lack of prosecution: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Omstead v. Dell, Inc*, 594 F.3d 1081, 1084 (9th Cir. 2010); *In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994) (citing *Henderson*, 779 F.2d at 1423).

In weighing these factors, the court concludes that dismissal is appropriate in this case. The case has been pending for four months. Plaintiff has twice been warned that her failure to effect service would result in dismissal of this action. The interest of the public and the court in bringing cases to resolution weighs in favor of dismissal. There are no other sanctions available when a party has failed to prosecute or effect service.

1    Accordingly, it is ORDERED that this action be dismissed without
2 prejudice for failure to effect service and failure to prosecute.

Dated: August 5, 2010

*(signature)*
R. Gary Klausner
United States District Judge

Presented By:

*(signature)*
Marc L. Goldman
United States Magistrate Judge